**NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

No. 15-1284

JOSEPH SAMOST,
                              Appellant
v.

STEPHEN D. SAMOST; DEVEL LLC;
CENTENNIAL LAND & DEVELOPMENT CORP.

On Appeal from the United States District Court
for the District of New Jersey
(District Court No.: 1:13-cv-06886)
District Judge: Honorable Joseph E. Irenas

Submitted under Third Circuit LAR 34.1(a)
on November 13, 2015

Before:  CHAGARES, RENDELL, and BARRY, <u>Circuit Judges</u>

1

O P I N I O N[*]

**RENDELL**, Circuit Judge:

This is the latest chapter in a decades-long, intra-family saga concerning the ownership and maintenance of Centennial Lake, which is a man-made lake formed by a dam. Joseph Samost brings suit against his son Stephen Samost and two companies controlled by Stephen Samost—namely, Centennial Land and Development Corp. ("CLDC") and Devel, LLC ("Devel")—(collectively, "Defendants") claiming that they have failed to honor their responsibilities under an earlier settlement agreement by failing to repair and maintain the dam on Centennial Lake. The District Court granted summary judgment for Defendants on all claims. The District Court's analysis, however, did not address all of the claims asserted by Joseph Samost. We will therefore vacate as to the unaddressed claims and remand for further proceedings. We will affirm the dismissal of the claim addressed by the District Court—specifically the claim in which Joseph Samost asserts Defendants must indemnify him for liability he incurred because of a lack of maintenance on the dam during the time in which he owned it.

## I. Background

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Because we write primarily for the parties, we will not recount the background facts of this drawn-out dispute in detail. This dispute primarily concerns an effort by Joseph Samost to enforce the terms of a 2001 Consent Order between himself and Defendants. That Consent Order, which implemented a settlement-in-principle between the parties, awarded the properties surrounding Centennial Lake to Defendants but also imposed on Defendants the "cost of repairing and improving the Centennial Lake dam and embankments." *See* App. at 224.[1]

Joseph Samost asserts that he has been damaged because Defendants have not repaired the Centennial Lake Dam. In particular, he asserts that he has been found liable in a state court action to two parties: (1) the New Jersey Department of Environmental Protection ("NJDEP"); and (2) the "Centennial Pines Club," a homeowner association on the lake. His liability to the NJDEP represents 45 percent of a larger judgment in favor of the NJDEP. His apportioned amount—45 percent—was premised on his owning the dam and lake from 1972 until the entry of the Consent Order in 2001. *See* Brief of Appellant at 14; App. at 357 ("For purposes of apportionment, Joseph Samost owned the dam, lake and lakebed from at least 1972 through August 31, 2001."). His liability to the Centennial Pines Club, according to him, was premised on the lack of repairs on the dam *after* the entry of the Consent Order in 2001.

Joseph Samost seeks declaratory relief such that, under that 2001 Consent Order, Stephen Samost, CLDC, and Devel must indemnify him for both of these liabilities. He

---

[1] This order was modified in 2004 to make clear that CLDC and Devel, rather than Stephen Samost personally, would pay the maintenance on the dam. *See* App. at 261.

also seeks specific performance of the Consent Order, damages for breach of contract, damages for unjust enrichment, damages for tortious interference with contract, and judgment awarding equitable subrogation of his liabilities such that Defendants must pay them.

The parties filed cross-motions for summary judgment in the District Court prior to any discovery. The District Court granted Defendants' motion for summary judgment in its entirety and denied Joseph Samost's motion for summary judgment in its entirety. The District Court provided its analysis and ruling in open court on the record, finding that "[t]here is no evidence in the record that the parties to the Samost 1 settlement agreed that Stephen Samost would indemni[f]y Joseph Samost for any costs associated with the—with the Centennial Pines property. Accordingly, Stephen is not legally responsible for Joseph's 45 percent liability of the state court judgment." App. at 26:24-27:3.

## II. Jurisdiction and Standard of Review

The District Court had subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332. We have jurisdiction over this appeal under 28 U.S.C. § 1291. We review a district court's grant of summary judgment de novo. *See Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 580 (3d Cir. 2009). Summary judgment is appropriate if, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When a district court grants summary judgment, it must provide "an explanation sufficient to permit the parties and this court to understand the legal premise for the court's order." *Vadino v. A. Valey Eng'rs*, 903 F.2d 253, 259 (3d Cir. 1990).

4

We exercise plenary review over a court's interpretation of a consent order. *Holland v. N.J. Dep't of Corrs.,* 246 F.3d 267, 277 (3d Cir. 2001). Because a consent order "embodies the agreement of the parties," *id.*, we construe the consent essentially as we would a contract. *See United States v. ITT Cont'l Baking Co.,* 420 U.S. 223, 236-37 (1975) ("[S]ince consent decrees and orders have many of the attributes of ordinary contracts, they should be construed basically as contracts . . . .").

### III. Discussion

We will affirm the District Court's finding that Joseph Samost is not entitled to indemnification for any liability he incurred for the lack of maintenance *prior* to the entry of the Consent Order which transferred ownership of the dam to Defendants—that is, we affirm the finding that Joseph Samost is not entitled to indemnification for the 45 percent of the total liability assessed to him in the NJDEP judgment. However, not every claim asserted by Joseph Samost is premised on the theory that he is entitled to indemnification for liability he incurred because of a lack of maintenance during his ownership of the dam. He asserts that he is entitled to indemnification for his liability to the Centennial Pines Club which, according to him, he incurred because of Defendants' lack of repairs after they acquired ownership under the 2001 Consent Order. The District Court did not adequately address this claim, as its explanation appears to pertain only to the liability incurred by Joseph Samost for the lack of maintenance during the time he owned the dam—that is, the 45 percent liability he was apportioned under the NJDEP judgment. Joseph Samost brings several other claims that were likewise not addressed in the analysis of the District Court. *See* App. at 420-24 (Complaint of Joseph Samost including

5

claims for specific performance, breach of contract, unjust enrichment, tortious interference with contract, and equitable subrogation). We cannot review the District Court's summary judgment dismissing these unaddressed claims, as we lack an "explanation sufficient to permit the parties and this court to understand the legal premise for the court's order." *Vadino*, 903 F.2d at 259. We will therefore vacate and remand with respect to the unaddressed claims.

## IV. Conclusion

For the foregoing reasons, we will affirm the decision of the District Court with respect to Joseph Samost's claims for indemnity for the 45 percent of the NJDEP judgment, and vacate and remand as to his other claims.